Muse, J.
Plaintiff, Glyn Jacobs (“Jacobs”), has moved to vacate a judgment of dismissal with prejudice entered by this court (Zobel, J.) on November 20, 2001. By this judgment, the defendants Andrew Christopher, James Christopher, and Catherine Christopher (hereinafter “the Christopher defendants”) were released from a larger action that was later disposed of by summary judgment and is now on appeal. For reasons set forth below, Jacobs’ motion is denied. Although Jacobs had not made reference to any rule, this Court will consider the motion as having been made pursuant to Mass.R.Civ.P. 60(b)(6). Under Rule 60(b)(6), a court can vacate a judgment for any reason “justifying relief from the operation of the judgment.” Mass.R.Civ. P. 60(b)(6). This is a residual clause, which is to be utilized when no other avenue of relief is available under the Rule. James W. Smith & Hiller B. Zobel, Rules Practice §60.15, at 485 (1977 & Supp. 2002).
Jacobs’ motion is founded on an alleged breach of the settlement agreement that formed the basis of the judgment of dismissal. The agreement, dated November 6, 2001, states that in consideration of $5,000, receipt of which was thereby acknowledged, Jacobs released the Christopher defendants from all claims which were the subject of the then-pending action. Jacobs asserts that he is yet to be paid the $5,000. Accordingly, Jacobs requests that the judgment of dismissal be vacated so that he can reassert his claims against the Christopher defendants.
This case is governed by the decision of the Appeals Court in Quaranto v. DiCarlo, 38 Mass.App.Ct. 411 (1995). That case held that the courts do not have the *487 authority to vacate a judgment of dismissal based on a failure of one party to fulfill its obligations under an extrinsic and unmentioned settlement agreement. Quaranto, 38 Mass.App.Ct. at 413-14. This is because the public has a right to rely on the judgment entered as resolving the controversy. They should not have to be concerned that some outside agreement, not mentioned in the court papers, could serve to unsettle what has already been decided. Id.
In examining the two, there is no distinguishing between Quaranto and the immediate case. Here, neither the docket nor the judgment itself reflects the fact that any agreement between the parties was entered into. Therefore, the agreement is “extrinsic and unmentioned” and, under Quaranto, the judgment of dismissal cannot be disturbed. The proper remedy for Jacobs “is not an alteration of the judgment, but enforcement of the underlying settlement agreement which .. . paved the way for the judgment. Enforcement of such a settlement agreement is more than a continuation of the action in which the judgment was entered: it has its own basis for jurisdiction.” Id. at 413. Accordingly, if Jacobs wishes to enforce the agreement, he can bring a separate action to do so.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiff Glyn Jacobs’ Motion to Vacate Judgment is hereby DENIED.